# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| NICHLOS MARQUIS WHITEHEAD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV426-060 |
| BRIAN KEMP, *et al.*, | ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

The Court previously construed correspondence from *pro se* plaintiff Nichlos Marquis Whitehead as a request to extend a previously imposed deadline to file an Amended Complaint. *See* doc. 14. The day after that Order was entered, the Clerk received Whitehead's Amended Complaint, which is deemed filed on April 18, 2026. *See* doc. 15 at 21; *see, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (the "prison mailbox rule" provides that a prisoner's filings are deemed filed on the date that they are submitted for mailing and presumes that they were submitted on the date they were signed). Given the prior extension, *see* docs. 10 & 14, the Amended Complaint is timely filed. The Court, therefore, proceeds to screen the Amended Complaint.

1

Under the Prison Litigation Reform Act (PLRA), a federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(b). In conducting the review, the Court must identify all "cognizable claims" and dismiss the complaint, or any portion thereof, that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The complaints of unrepresented parties are held to a less stringent standard than those drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*,

574 U.S. 10, 12 (2014). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In its review, the Court also applies the Federal Rule of Civil Procedure 12(b)(6) standard, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), accepting all allegations as true and construing them in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011).

Whitehead's Amended Complaint includes considerably more factual detail than his prior pleading. *See* doc. 15 at 6-13. However, there are several preliminary problems that prevent the Court from considering the sufficiency of those allegations. The first, and most significant, defect in the Complaint is that it names only Georgia Governor Brian Kemp and Georgia Department of Corrections Commissioner Tyron Oliver as defendants. *See id.* at 1-2. It alleges, in a substantially conclusory fashion, that Kemp and Oliver have supervisory authority over the prisons where Whitehead contends constitutional violations occurred. *See id.* at 6 (alleging "Rogers State Prison . . . is commissioned by Tyron Oliver who reports to and / or is

3

governed by Brian Kemp . . . .").  There is, however, no allegation that either Defendant directly participated in any of the alleged violations. *See id.* at 6-13.  There is no specific allegation that either Defendant even knew about the alleged violations; the closest the Amended Complaint comes is alleging that Whitehead and members of his family communicated with those officials, albeit after the fact of the alleged violations.  *See id.* at 9.  Supervisory officials, however, may not be held liable for the unconstitutional acts of their subordinates, based solely upon their supervisory role.  *See, e.g., Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)) ("Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*.").  The Amended Complaint, therefore, fails to state any claim upon which relief can be granted against either of the named defendants.

Even if the failure to identify any viable defendant were not fatal—which it is—it is doubtful whether this Court is the proper venue for the claims that might arise from some of the events alleged.  The Amended Complaint's factual narrative begins by describing events that occurred at Rogers State Prison.  *See* doc. 15 at 6-8.  It also alleges events that

4

occurred at Washington State Prison. *Id.* at 8-9. Finally, it alleges some events that occurred at Coastal State Prison. *Id.* at 10. Rogers State Prison lies in this Court's Statesboro Division. 28 U.S.C. § 90(c)(6). Washington State Prison lies in the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(2). Only Coastal State Prison lies in the Savannah Division, where Whitehead filed this action. *See, e.g.,* 28 U.S.C. § 90(c)(3). It therefore appears that this Court is not the proper venue for claims arising at either Rogers State Prison or Washington State Prison. Those claims, therefore, could not properly proceed here. *See, e.g.,* 28 U.S.C. § 1391(b); 28 U.S.C. § 1406; S.D. Ga. L. Civ. R. 2.1, *Collins v. Hagel*, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015).

Since the Court cannot definitively determine that the facts alleged in Whitehead's Amended Complaint could not support some claim against some defendant for which this Court is the proper venue, it will afford him an opportunity to submit a more focused Second Amended Complaint. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations

omitted)).   Accordingly, Whitehead is **DIRECTED** to file a Second Amended Complaint no later than August 14, 2026.   The Clerk is **DIRECTED** to include a copy of form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) for Whitehead's convenience.   Whitehead is advised that failure to timely submit his amended pleading may result in dismissal of his case for failing to obey a court order or failure to prosecute.   *See* Fed. R. Civ. P. 41(b).

   **SO ORDERED**, this 21st day of July, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA