**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| NICHLOS MARQUIS WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-060 |
| | ) | |
| BRIAN KEMP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court previously directed *pro se* plaintiff Nichlos Marquis Whitehead to submit a Second Amended Complaint. Doc. 16 at 6. The prior Order warned him that failure to comply timely would result in dismissal of his case. *See id.* The deadline for Whitehead to submit his Amended Complaint has passed, *see id.*, and he has not complied, *see generally* docket. Additionally, the Court's Order has now been returned by the United States Post Office as undeliverable. *See* doc. 17. It appears, therefore, that Whitehead has also failed to keep the Court apprised of his current address, in violation of the Local Rules. *See* S.D. Ga. LR Civ. 11. 1.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Plaintiff's failure to comply with the Court's Order, keep the Court apprised of his current address, and prosecute this case provides a sufficient reason to dismiss his Complaint.

Accordingly, Plaintiff's Amended Complaint, doc. 15, is **DISMISSED** for failing to obey a court order and failing to prosecute his case. *See, e.g.,* Fed. R. Civ. P. 41(b). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED,** this 19th day of August, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA